IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHANIE BREND JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 7278 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This is a negligence action arising from plaintiff's slip and fall in a Target Corporation ("Target") store. Target's motion for summary judgment is granted for the reasons explained below.

**UNDISPUTED MATERIAL FACTS**

On November 25, 2018, plaintiff, Stephanie Brend Johnson, slipped and fell in a Target store in Vernon Hills, Illinois. (ECF No. 55-1, Pl.'s Resp. Def.'s L.R. 56.1 Stmt. ¶¶ 5-6, 16.)[1] Plaintiff had driven to the store with her daughter, Haley Johnson ("Haley"). (*Id.* ¶ 6.) The weather conditions were "blizzard-like"; it was snowing, and the streets were slick, wet, icy, and slushy. (*Id.* ¶¶ 8, 10, 19.) When plaintiff and Haley entered the store, it was snowing "pretty hard"; there was snow, slush, and wetness in the parking lot and on the sidewalk outside the store, and they had snow covering their clothes and hair. (*Id.* ¶¶ 9, 20.)

---

[1] Target contends that plaintiff failed to comply with Local Rule 56.1 because she objects to certain of Target's statements of material fact without admitting or denying them and because she supplies additional facts within her response brief without having submitted a separate statement of additional material facts that complies with the local rule. Target urges the Court to therefore (1) deem admitted all of its material facts and (2) disregard plaintiff's additional facts. The Court declines to do so. While the Court is entitled to expect strict compliance with local rules designed to promote the clarity of summary-judgment filings, *see Stevo v. Frasor*, 662 F.3d 880, 888 (7th Cir. 2011), for purposes of the instant motion the Court exercises its discretion to consider the facts set forth in plaintiff's memorandum. They are properly supported with citations to the deposition testimony, the material portions of which the Court has reviewed closely. In addition, in setting forth the undisputed material facts, the Court has considered plaintiff's objections to Target's fact statements. That said, the objections are largely immaterial for present purposes. In several instances, plaintiff simply objects to a trivial characterization or detail or has refined Target's fact statements by referring to additional deposition testimony.

Plaintiff testified at her deposition that it was slippery as she entered the store and that the carpeted floor areas were wet. (ECF No. 40-1, Dep. of Stephanie Brend Johnson at 34-35.) She saw wet footprints on the carpet that "looked like muck or sludge or whatever comes off of your feet" and "dirty looking" slush and water on tiled floor areas that appeared to have been tracked in from customers. (*Id.*) She also saw a Target employee mopping up water near the entrance. (*Id.* at 29-30.) As plaintiff and Haley walked through the store, plaintiff continued to see wetness or slush on tiled floor areas. (*Id.* at 36.) Haley testified at her deposition that as she and her mother were shopping, their boots were wet, and she could see boot marks, wetness, and slush that she assumed had come from people's shoes. (ECF No. 40-2, Dep. of Haley Anastasia Johnson at 27-28.)

While walking on a tiled section of floor in the store, plaintiff slipped and fell. (Pl.'s Resp. Def.'s L.R. 56.1 Stmt. ¶ 16.) Before the fall, Haley did not see any water or slush on the floor in or near the area where plaintiff fell, and plaintiff did not recall seeing any. (*Id.* ¶¶ 17, 25.) Neither plaintiff nor Haley had seen anyone spill anything while they were walking through the store, and they did not see any other customers in the aisle where plaintiff fell. (*Id.* ¶¶ 24, 26.) After the incident, Haley saw a wet, clear substance where plaintiff fell that appeared to be water or melted ice; she did not know where it came from or how long it had been there. (*Id.* ¶¶ 27-28.) Neither plaintiff nor Haley noticed any footprints or marks, such as marks from the wheels of a shopping cart, leading to or from the wet substance. (*Id.* ¶ 29.) They believed that the wetness on the floor that caused plaintiff to slip and fall was the result of people tracking slush and water from outdoors. (*Id.* ¶ 31.)

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Davis v. Kayira*, 938 F.3d 910, 914 (7th Cir. 2019). The Court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmovant. *Kvapil v. Chippewa Cty.*, 752 F.3d 708, 712 (7th Cir. 2014). Under Rule 56, the movant has the initial burden of informing the court why a trial is not necessary. *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the nonmovant bears the ultimate burden of persuasion on a particular issue, the movant's initial burden may be discharged by pointing out to the court that there is an absence of evidence to support the nonmovant's case. *Id.* Upon such a showing, the nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* (internal quotation marks and citation omitted). The nonmovant need not produce evidence in a form that would be admissible at trial, but she must go beyond the pleadings to demonstrate that there is evidence upon which a jury could reasonably find in her favor. *Id.* at 1168-69 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)).

The parties appear to agree that Illinois law governs Target's liability in this diversity action. To prove a negligence claim under Illinois law, a plaintiff must show (1) a duty owed by the defendant; (2) defendant's breach of that duty; and (3) an injury that was proximately caused by the breach. *Piotrowski v. Menard, Inc.*, 842 F.3d 1035, 1038 (7th Cir. 2016) (citing *Newsom-*

*Bogan v. Wendy's Old Fashioned Hamburgers of N.Y., Inc.*, 953 N.E.2d 427, 431 (Ill. App. Ct. 2011)). "In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008) (citing cases). "Liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall." *Id.* However, Illinois applies the "natural-accumulation rule," under which property owners are shielded from liability for injuries resulting from natural accumulations of substances such as ice, snow, or water that are not caused or aggravated by the property owner. *Weston v. Wal-Mart Stores, Inc.*, 301 F. App'x 538, 539 (7th Cir. 2008) (citing *Lohan v. Walgreens Co.*, 488 N.E.2d 679, 681 (Ill. App. Ct. 1986)); *Ciciora v. CCAA, Inc.*, 581 F.3d 480, 482 (7th Cir. 2009). The rule "is a recognition that it is unrealistic to expect property owners to keep all areas free of snow and ice during the winter months in this climate." *Ciciora*, 581 F.3d at 482. A store owner thus "owes no duty to continuously remove the tracks left by customers who have walked through such natural accumulations." *Weston*, 301 F. App'x at 539; *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632, 636 (Ill. App. Ct. 2009) ("[P]roperty owners and business operators do not have a duty to remove the tracks or residue left inside the building by customers who have walked through natural accumulations outside the building."). "It is irrelevant whether a natural accumulation remains on the property for an 'unreasonable' length of time." *Reed*, 914 N.E.2d at 636. "Although there exists no general duty to remove natural accumulations of ice and snow, a voluntary undertaking may subject a defendant to liability if it is performed negligently." *Weston*, 301 F. App'x at 539.

Target contends that summary judgment in its favor is proper because there is no evidence that would allow a jury to find that the water or slush on the floor where plaintiff fell was anything other than a natural accumulation tracked in from the blizzard-like weather that day. Target notes that plaintiff denied knowing the source of the substance on which she slipped and that she and Haley both said that they believed that it came from people tracking in slush from outdoors. Although plaintiff does not assert that her fall resulted from an unnatural accumulation, she contests summary judgment on three grounds. First, she argues that defendant's motion should be denied because Target personnel "voluntarily undertook efforts to remove wetness at the Target store on the date of the occurrence." (ECF No. 55, Pl.'s Resp. Def.'s Mot. Summ. J. at 3.) Plaintiff points to the fact that an employee was mopping the floor near the store entrance, and she maintains that Target breached its duty of care by failing to "under[take] those same efforts throughout the store" and "plac[e] warning/wet floor signs near the area where she fell." (*Id.* at 4.) But plaintiff ignores two principles of Illinois law indicating that Target did not owe her these duties. The first is that under the voluntary-undertaking theory of liability, which is "narrowly construed," "the duty of care to be imposed upon a defendant is limited to the extent of the undertaking." *Bell v. Hutsell*, 955 N.E.2d 1099, 1104 (Ill. 2011); *Weston*, 301 F. App'x at 539. Assuming that a voluntary undertaking occurred here, it did not extend any further than the mopping effort in the entryway. *See Reed*, 914 N.E.2d at 640 ("Here, defendant's undertaking was to place two mats at the entrance way. Defendant did not then assume a duty to remove tracked in water or install as many mats as necessary to absorb tracked in water. Defendant's duty extended only to maintaining with reasonable care the two mats placed down.") (citation omitted); *Roberson v. J.C. Penney Co.*, 623 N.E.2d 364, 366 (Ill. App. Ct. 1993) (holding that J.C. Penney did not have a duty to install as many mats as was necessary

3

to absorb tracked-in water, but only to maintain with reasonable care the mats it did install); *Lohan*, 488 N.E.2d at 682-83 (rejecting plaintiff's argument that Walgreens had a duty to continue a previous undertaking to put down rubber mats on a wet floor and stating that "where the accumulation is a natural one there is no duty to continue a voluntary undertaking to remove it"); *Weston*, 301 F. App'x at 540 (holding that Wal-Mart did not assume the duty to remove water tracked in by store patrons by placing orange warning cones around the store's entranceway). Plaintiff did not fall in or near the Target entryway, and there is no evidence that Target's mopping efforts in the entryway created any unnatural accumulation in the area where she fell. The decision on which plaintiff relies, *Williams v. Alfred N. Koplin & Co.*, 448 N.E.2d 1042 (Ill. App. Ct. 1983), is inapposite because the duty plaintiff claimed was breached was within the scope of the asserted voluntary undertaking. In *Williams*, the plaintiff, who had slipped and fallen on stairs, alleged that the defendant had negligently shoveled a path on the stairs so narrow that the handrail was inaccessible; here, there is no evidence of a voluntary undertaking with respect to the area where plaintiff fell. Furthermore, the second principle of Illinois law that plaintiff overlooks is that property owners owe no duty to place signs to warn about natural accumulations. *See Reed*, 914 N.E.2d at 636 ("Since business owners and operators are not liable for failing to remove natural accumulations of water, owners and operators also have no duty to warn of such conditions."); *Pearson v. Walmart Inc.*, No. 20 C 141, 2021 WL 4477816, at *2 (N.D. Ill. Sept. 30, 2021).

Next, plaintiff contends that "there is a genuine issue of material fact as to the causation of the water on the tile that caused Plaintiff's fall." (Pl.'s Resp. Def.'s Mot. Summ. J. at 4.) In plaintiff's view, because she and Haley can only speculate that the substance on the floor that caused her to slip was tracked in from outdoors, it "remains a question of fact as [] where the wet substance that caused Plaintiff's fall came from." (*Id.* at 5.) This argument reflects a misapprehension of plaintiff's burden on summary judgment. Plaintiff bears the ultimate burden of showing that her injury was proximately caused by Target's breach of a duty it owed. Target discharged its initial burden on summary judgment by explaining that there is an absence of evidence to support plaintiff's case. Plaintiff accordingly must come forward with evidence upon which a jury could reasonably find for her at trial. She has failed to do so. It is insufficient merely to cite the fall and assert that no one knows the precise origin of the substance on which she slipped. *See Pearson*, 2021 WL 4477816, at *3 (granting defendant's motion for summary judgment on the basis of the natural-accumulation rule and stating that the rule "is not an affirmative defense on which the defendant bears the burden of proof. Rather, it is beyond debate that Illinois law requires the *plaintiff* to prove that the accumulation of water was caused by "unnatural" sources. To survive summary judgment, then, Plaintiff must come forward with sufficient evidentiary material to permit the trier of fact to find that moisture was anything other than a natural accumulation of water.") (citations and internal punctuation omitted); *Nunez v. Gordon Food Serv., Inc.*, No. 1:16-CV-1077-JBM-JEH, 2017 WL 3610566, at *4 (C.D. Ill. Aug. 22, 2017) (granting defendant's motion for summary judgment on the basis of the natural-accumulation rule and explaining that "[r]ather than offer facts, Plaintiff has only offered the argument that 'there is nothing in the record that suggests that this was not a spill which the defendant failed to clean up.'") (citation and internal punctuation omitted); *Domkiene v. Menards, Inc.*, No. 15 C 5732, 2016 WL 4607888, at *3 (N.D. Ill. Sept. 6, 2016) (granting defendant's motion for summary judgment and stating that "[s]peculation about the cause of the accumulation does not suffice" to avoid summary judgment).

Plaintiff's final argument is that summary judgment should be denied because Target had constructive notice of the condition that caused plaintiff to fall. She asserts that she and Haley had been in the store for about fifteen minutes prior to the fall and says that it is therefore "reasonable to infer that Target personnel should have known of the wet conditions of the flooring" that caused the fall. (Pl.'s Resp. Def.'s Mot. Summ. J. at 6.) Plaintiff offers no evidence that would support such an inference. But, more importantly, the issue of notice is a nonstarter in light of her failure to point to evidence that would permit a reasonable conclusion that the substance on which she slipped was anything other than a natural accumulation. *See Walker v. Chi. Transit Auth.*, 416 N.E.2d 10, 13 (Ill. App. Ct. 1980) (finding it unnecessary to reach plaintiff's final argument that defendant had actual or constructive notice of the condition of its premises in light of the court's conclusion that the water at issue was a natural accumulation and explaining that defendant's "duty to ascertain hazardous conditions or warn of such is contingent upon the finding that the water resulted from an unnatural or artificial accumulation"); *Nunez*, 2017 WL 3610566, at *5 (stating that because the natural-accumulation rule applied and plaintiff had failed to show that defendant owed her a duty, the court would not address the issue of actual or constructive notice); *see also Jordan v. Kroger Co.*, 132 N.E.3d 786, 789 (Ill. App. Ct. 2018) ("[T]o prevail in a slip-and-fall case involving snow and ice, a plaintiff typically bears the burden of showing that (i) the accumulation of snow or ice was unnatural *and* (ii) the defendant had actual or constructive knowledge of the condition.") (emphasis added).

Because plaintiff fails to demonstrate that there is evidence that would allow a jury to find that the wet substance on which she slipped and fell was anything other than a natural accumulation of melted snow or ice, the Court will grant Target's motion for summary judgment.

## CONCLUSION

Defendant's motion for summary judgment [39] is granted. Final judgment will be entered in favor of defendant and against plaintiff. Civil case terminated.

**DATE:** February 10, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**